DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tammy Keener, appeals from a judgment of the Summit County Court of Common Pleas, Probate Division, that granted the petition of the step-mother to adopt Keener's minor child, D.P. We affirm.
 {¶ 2} Tammy Keener was married to D.P.'s father, Daniel P. ("Daniel"), at the time D.P. was born on July 7, 1989. When the couple divorced on May 21, 1991, Daniel was designated the residential parent and Keener was ordered to pay child support. Daniel married Heidi P. ("Heidi") on January 30, 2001. On November 1, 2001, Heidi filed a petition to adopt D.P. Keener filed an objection to the adoption.
 {¶ 3} A hearing was held before a magistrate on the issue of whether Keener had the right to withhold her consent to the adoption. At issue was whether Keener had "failed without justifiable cause" to communicate with D.P. or pay child support "for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A). Based on the evidence presented at the hearing, the magistrate found that Keener had failed to provide financial support for D.P. for the one-year period preceding the placement of D.P. in Heidi's home on January 30, 2001 and that her failure had not been justified. Consequently, the magistrate held that Keener's consent to the adoption was not required.
 {¶ 4} Keener filed objections to the magistrate's decision, which consisted of a single sentence that Keener "hereby files her Objections to the Magistrate's Decision[.]" On November 25, 2002, the trial judge held an oral hearing on the objections, at which Keener apparently argued her objections in more detail. The trial court later overruled Keener's objections and adopted the decision of the magistrate. Keener appeals and raises two assignments of error.
 {¶ 5} We must note that, because it was a magistrate who initially made the decision in this case, Keener was required to preserve her arguments for appellate review pursuant to the requirements set forth in Civ.R. 53(E)(3). Civ.R. 53(E)(3)(a) and 53(E)(3)(b) provide that a party may file written objections that "shall be specific and state with particularity the grounds of objection." At that time, Civ.R. 53(E)(3)(b) further provided that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."[1]
 {¶ 6} When ruling on Keener's objections, the trial court noted that she had failed to file specific written objections. The judge apparently permitted Keener to argue her objections orally, however, and addressed the merits of those arguments. Although Keener failed to preserve her challenges through written, specific objections, as required by Civ.R. 53(E)(3)(a) and 53(E)(3)(b), because the trial judge addressed the merits of her oral challenges, we will review any errors premised on those determinations.[2] Because we have no transcript of what Keener argued orally, we must presume that the arguments addressed in the trial court's judgment entry are the arguments that Keener raised. In other words, unless it is apparent from the trial court's entry that Keener raised a particular argument through her oral objections, we will presume that she did not. Consequently, we will address Keener's assignments of error only insofar as they raise challenges that were argued in the trial court.
 Assignment of Error I
"The trial court erred in determining appellant failed without justifiable cause to provide for the maintenance and support of her minor child for a period of at least one year."
 {¶ 7} Through her first assignment of error, Keener challenges the trial court's finding that she failed, without justifiable cause, to provide any financial support for D.P. during the one year prior to D.P.'s placement with Heidi on January 30, 2001.
 {¶ 8} The primary dispute in this case was whether Keener had the right to withhold her consent to the adoption of her daughter D.P. by the child's step-mother, Heidi. R.C. 3107.07(A) provides that consent is not required of:
"A parent of a minor, when it is alleged * * * and the court finds * * * that the parent has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 9} Keener challenges both the trial court's finding that she failed to provide any financial support to D.P. during the one-year period prior to January 30, 2001 and the court's finding that her failure to pay was without justifiable cause.
 {¶ 10} Keener now asserts that some of the support payments that trial court attributed to the year 2001 should have been considered payments that she made during 2000. Although Keener apparently did raise an argument about whether these payments, Internal Revenue Service intercepts, should be considered as support payments made by her for purposes of R.C. 3107.07(A), there is nothing in the record to demonstrate that she raised an argument that the payments should be attributable to the time that she made the income, not the time that the support payments were actually received by the child support enforcement agency or D.P. Consequently, we will not address this argument on appeal.
 {¶ 11} Keener also asserts that she presented evidence that she purchased things for D.P. during the relevant time period. The trial court noted that Keener claimed to have purchased items for D.P. during this period, but the court found that Keener never gave the items to D.P. Keener points to no contradictory evidence and has failed to convince us that the trial court lost its way in reaching such a finding on the evidence presented. See Tewarson v. Simon (2001), 141 Ohio App.3d 103,115, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 387 (appellate court will not reverse a civil judgment as against the manifest weight of the evidence unless trier of fact clearly lost its way and created a manifest miscarriage of justice).
 {¶ 12} Keener further contends that the trial court erred in finding that her failure to pay was not justified. She again raises a challenge based on the weight of the evidence, rehashing the same facts that the trial court explicitly noted in its judgment entry. Keener has failed to convince us that the trial court's finding was erroneous. The trial court observed that Keener has been diagnosed with fibromyalgia and osteoarthritis, but stressed that Keener was not disabled or otherwise unable to work and had, in fact, been employed throughout the year at issue. Moreover, these ailments were not diagnosed until after the relevant time period had elapsed.
 {¶ 13} Because Keener has failed to demonstrate any error by the trial court in overruling her objections and adopting the decision of the magistrate, her first assignment of error is overruled.
 Assignment of Error II
"Appellant was denied due process when [Heidi] accelerated her wedding date in an effort to satisfy the court requirement that parties to a step-parent adoption be married a minimum of six months."
 {¶ 14} There is no indication in the record that Keener preserved this argument for appellate review, so we will not reach its merits. The second assignment of error is overruled accordingly.
 {¶ 15} The assignments of error are overruled and the judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
CARR, J. CONCUR
[1] Civ.R. 53 has since been amended and this language now appears in Civ.R. 53(E)(3)(d).
[2] Although the trial court also gave a procedural reason for overruling the objections, because it held a hearing and addressed the merits of Kenner's objections, we will review the court's determination on the merits.